UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA JAY BLAINE, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 4:17-CV-04138-KES <br><br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION |

Movant, Joshua Jay Blaine, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1.[1] The government now moves to dismiss the petition for lack of jurisdiction and failure to state a claim. Docket 40. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Blaine's motion be dismissed. Docket 45. Blaine filed a new motion for a stay of proceedings under 28 U.S.C. § 2255 and timely filed his objections to the report and recommendation. Docket 51; Docket 53. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation, dismisses Blaine's motion, and denies Blaine's motion for a stay of proceedings.

---

[1] Within this opinion, the court cites to documents in Blaine's civil habeas case by citing the court's docket number for that document. The court will cite to "Cr." when citing to documents filed in Blaine's criminal case found at 4:15-CR-40069-KES-01.

**FACTUAL BACKGROUND**

A full factual background was provided by the magistrate judge in her report and recommendation. Docket 45 at 2-5. Thus, this court will only give a simple explanation and point to the magistrate judge's report and recommendation for the full background.

Blaine pleaded guilty to the crime of being a felon in possession of two firearms. *See* Cr. Docket 19. The district court sentenced him to 115 months in prison. Cr. Docket 40. Blaine appealed, and the Eighth Circuit Court of Appeals affirmed his conviction. Cr. Docket 52. Attorney Timothy Langley represented Blaine in the district court. Cr. Docket 14. Attorney James Eirinberg represented Blaine during his appeal. Cr. Docket 50.

On October 2, 2017, Blaine filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C § 2255. Docket 1. First, Blaine alleged that police conduct in searching his hotel room violated his Fourth and Fourteenth Amendment rights. *Id.* at 5, 8-14. Second, Blaine alleged that his trial and appellate counsel were ineffective for several reasons, including failing to raise Fourth Amendment violations, failing to suppress evidence, failing to allow Blaine to review the presentence report, advising Blaine not to withdraw his plea, failing to object to the probation officer's denial of acceptance of responsibility, and failing to allow Blaine to cooperate with the government. *Id.* at 5, 15-20.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

**I. Fourth Amendment Claims**

Blaine objects to Magistrate Judge Duffy's report and recommendation on the Fourth Amendment issue. Docket 53 at 3-5. Blaine argues that the validity of the search of his hotel room after his arrest was not fully adjudicated. *Id.* at 3. Blaine raises one objection as to this issue, alleging that his right to appeal was frustrated by his appellate attorney's failure to include the correct *pro se* supplemental brief file. *Id.*

**A. Legal Standard**

A § 2255 motion is the "statutory analogue of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987). A federal prisoner may seek relief from his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or

that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962). Relief may be granted under § 2255 only for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (internal quotation omitted).

"A § 2255 petition is not a second direct appeal and issues raised for the first time in a § 2255 petition are procedurally defaulted." *Meeks v. United States*, 742 F.3d 841, 844 (8th Cir. 2014). When a petitioner asserts a claim that is procedurally defaulted, the claim can only proceed if the petitioner can show either that the procedural default should be excused because (1) there was both cause for the default and actual prejudice to the petitioner or (2) because the petitioner can show actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Generally, issues not raised before a magistrate cannot be later raised in objections to that magistrate's report and recommendation:

> Courts routinely hold that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.

*Vice v. Dooley,* No. 5:14-CV-05076-JLV, 2015 WL 5773403, at *4 (D.S.D. Sept 29, 2015) (internal quotation omitted). A party raising new arguments in an objection to a magistrate's report and recommendation must show that a

"manifest injustice" would result from the district court's failure to hear those arguments. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000).

**B. Discussion**

In his § 2255 motion, Blaine argued that his Fourth Amendment rights had been violated by an illegal search. Docket 1 at 5. He challenged the search on several grounds, alleging an unreasonable search and seizure when law enforcement found firearms and drugs in his hotel room after his arrest. *Id.* at 8-14. None of these issues were raised in Blaine's direct appeal. *See* Cr. Docket 52 at 2. Because these issues should have been raised on direct appeal, they are procedurally defaulted. *Meeks*, 742 F.3d at 844. Magistrate Judge Duffy found no showing of actual innocence or cause for the default and actual prejudice to overcome the procedural default. Docket 45 at 9-10.

In his objection to the report and recommendation, Blaine argues that these claims have not been procedurally defaulted. Docket 53 at 7. He claims that he attempted to bring these issues up in his *pro se* supplemental appellate brief that his appellate attorney agreed to file on his behalf, but his document never reached the Eighth Circuit Court of Appeals. *Id.* at 3. Instead, a document signed by a different prisoner describing an unrelated civil motion was filed by his appellate attorney. *See* Docket 53-4. Blaine believes that this explains why his appellate counsel and the Eighth Circuit had such trouble understanding his supplemental brief. Docket 53 at 3.

This is a new argument, first raised in Blaine's motion to stay and then in his objections to the report and recommendation, both of which came after

5

the report and recommendation itself. Docket 51 at 2-3; Docket 53 at 3. New arguments cannot be raised in objections to a magistrate's report and recommendation "absent compelling reasons[.]" *Vice*, 2015 WL 5773403, at *4 (internal quotation omitted). If Blaine did not discover this document issue until after the report and recommendation was issued, it might constitute a compelling reason to allow this objection, but Blaine does not clearly indicate when he first discovered the issue. But because this objection can be quickly determined on the merits, the court will consider it.

Blaine's Fourth Amendment claims require a showing of actual innocence or cause for the default and actual prejudice to overcome procedural default after he failed to raise the claims on direct appeal. *Bousley*, 523 U.S. at 622. Blaine makes no showing of actual innocence. The document issue raised in his objection to the report and recommendation provides cause for his procedural default. But he cannot overcome the actual prejudice requirement. Blaine entered a voluntary, knowing, and intelligent plea of guilty. *See* Cr. Docket 19 ¶ 14; Cr. Docket 46 at 2-10. A guilty plea cuts off all constitutional claims that predate that plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Eighth Circuit would have dismissed Blaine's Fourth Amendment claim for this reason. *See Class v. United States*, 138 S.Ct. 798, 803-05 (2018) (holding that a guilty plea prevents a defendant from raising constitutional defects not related to the court's power to impose a sentence on direct appeal). Thus, Blaine cannot show actual prejudice.

**II. Ineffective Assistance of Counsel Claims and Objections**

In his § 2255 motion, Blaine alleged various actions of his appellate and trial counsel constituted ineffective assistance of counsel in violation of his Sixth Amendment rights. Summarized, Blaine makes seven allegations:

1. Failure of appellate counsel to raise the Fourth, Sixth and Fourteenth Amendment search issues on appeal to the Eighth Circuit.

2. Failure of trial counsel to move to suppress the results of the unreasonable search of his hotel room, depriving Blaine of his Fourth and Fourteenth Amendment rights as well as his rights to "litigate and allocute."

3. Failure of trial counsel to argue that the firearms were not found on his person or in the immediate area of his person upon his arrest.

4. Failure of trial counsel to allow Blaine to review the pre-sentence investigation report ("PSR"), to object to the PSR, to argue against enhancements to his advisory guideline range as set forth in the PSR, and to review the addendum to the PSR with Blaine before sentencing.

5. Failure of trial counsel in advising Blaine not to try to withdraw his plea of guilty.

6. Failure of trial counsel to object to the PSR's recommendation that he not receive credit for acceptance of responsibility under the USSG.

7. Failure of trial counsel to assist Blaine in cooperating with the government.

*See* Docket 1 at 15-20. Blaine raises several objections to Magistrate Judge Duffy's report and recommendation on this issue. Docket 53.

**A. Legal Standard**

To establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the United States Supreme Court in

*Strickland v. Washington. See* 466 U.S. 668, 687 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires the petitioner to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To show deficiency, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation[.]" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient

to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### B. Appellate Counsel Claim One

In his original motion, Blaine alleged that his appellate counsel was ineffective in failing to raise Fourth, Fourteenth, and Sixth Amendment issues. Docket 1 at 5, 15.

Blaine alleged that appellate counsel should have argued that law enforcement violated Blaine's Fourth Amendment rights in their search of the hotel room. *Id.* at 15. Blaine's guilty plea bars him from successfully raising challenges to constitutional issues that occurred before the plea. *Tollett*, 411 U.S. at 267. Because this claim would not have been successful on direct appeal, Blaine cannot show prejudice.

Blaine raises two objections to Magistrate Judge Duffy's report and recommendation on this issue. Docket 53 at 1-3. First, Blaine now argues that his appellate counsel knew of the Fourth Amendment violations and intentionally made weaker arguments to harm Blaine's chances on appeal. *Id.* at 1-2. Second, Blaine argues that his counsel's failure to attach the proper supplemental brief was inherently deficient. *Id.* at 3.

"If the defendant cannot prove prejudice, [the court] need not address whether counsel's performance was deficient." *DeRoo v. United States*, 223 F.3d

9

919, 925 (8th Cir. 2000). Here, Blaine cannot establish the prejudice required for an ineffective assistance of counsel claim. Blaine provides no evidence of his appellate counsel's intentions. Because the Fourth Amendment claim would not succeed on direct appeal, the failure to make this claim cannot be prejudicial. As to the supplemental brief, although Blaine may be correct that a mistake was made, there is still no prejudice caused by the failure to raise a Fourth Amendment claim on direct appeal. Because there was no prejudice caused by appellate counsel's failure to raise a Fourth Amendment claim, appellate counsel was not ineffective.

### C. Trial Counsel Claims Two, Three, Five, and Seven

As discussed above, a guilty plea cuts off all consideration of constitutional issues that should have been raised before the plea. *Tollett*, 411 U.S. at 267. Blaine's guilty plea was voluntary, intelligent, and knowing. *See* Cr. Docket 19 ¶ 14; Cr. Docket 46 at 2-10. Magistrate Judge Duffy's report and recommendation shows the thoroughness of Blaine's plea colloquy. Docket 45 at 14-18. As a result, Blaine cannot raise claims two, three, and seven of ineffective assistance of trial counsel.

Blaine raises two objections to the barring of pre-plea allegations of ineffective counsel. Docket 53 at 8, 12. First, he argues that because he never waived his right to an appeal, he should not be barred from raising these claims. *Id.* at 12. Blaine cites *Class*, which held that a valid guilty plea does not bar direct appeal of certain constitutional claims. *Class*, 138 S.Ct. at 805. Blaine misunderstands the holding in *Class*. There, the Supreme Court found

that the constitutionality of a statute forbidding the possession of a firearm on United States Capitol grounds could be reversed on direct appeal because the challenge to the constitutionality of the statute implicated the district court's power to convict the defendant. *Id.* at 803-05. But *Class* does not allow a defendant who has pled guilty to challenge "case-related constitutional defects that 'occurred prior to the entry of the guilty plea.' " *Id.* at 804-05 (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)). Blaine's allegation is a case-related defect rather than a defect that implicates the court's power to convict him. "A conviction after a plea of guilty normally rests on the defendant's own admission in open court that he committed the acts with which he is charged." *McMann v. Richardson*, 397 U.S. 759, 766 (1970). Blaine cannot challenge pre-plea evidentiary issues because the plea itself serves as the basis for his conviction. *See id.* This objection is overruled.

Blaine's only avenue for relief is to challenge the plea itself by arguing that his trial counsel was ineffective in advising him to plead guilty. *See Tollett*, 411 U.S. at 267-68. In his § 2255 petition, Blaine claimed that his counsel was ineffective for not allowing him to withdraw his plea, but he now raises the issue of the plea itself. Docket 1 at 17; Docket 53 at 8. Although this objection raises a new issue without a showing of a compelling reason that it could not have been included in the original motion, the court will consider it because it easily can be determined on the merits.

Blaine argues that counsel engaged in "deceptive coercion" in convincing him to plead guilty when challenging the validity of the evidence would have

11

been a more successful approach. Docket 53 at 8. Counsel's advice to plead guilty was neither deficient nor prejudicial. As to deficiency, the overwhelming circumstantial evidence that Blaine possessed the firearms made a guilty plea a sound legal strategy. *See* Cr. Docket 37 ¶¶ 9-11, 15. Later discovered evidence of jail recordings revealed that Blaine had admitted his guilt to visitors and that he possessed other firearms that had not yet been confiscated by law enforcement. *Id.* ¶ 15. Given these circumstances, the advice to plead guilty and pursue a more lenient sentence was sound legal strategy and virtually unchallengeable unless it was based on a deficient investigation. *Link*, 469 F.3d at 1204. Even before discovering this later evidence, counsel had sufficient reason to advise Blaine to plead guilty. *See* Cr. Docket 37 ¶¶ 9-11. Thus, counsel's investigation was not deficient, and his advice to plead guilty was sound trial strategy under *Link*.

To show that he was prejudiced by counsel's substandard advice to plead guilty, Blaine "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, Blaine makes no such showing. Instead, Blaine only argues that had he not pleaded guilty and instead challenged the evidence, the government would have dismissed the charges after that evidence was suppressed. *See* Docket 44 at 21, 30.

Because trial counsel's performance was neither deficient nor prejudicial, Blaine's newly raised challenge of the advice to plead guilty is overruled.

**D. Trial Counsel Claims Four and Six**

Blaine alleged that his trial counsel failed to allow him to review the PSR, to object to the PSR and its recommendation that he not receive credit for acceptance of responsibility, to argue against enhancements to his advisory guideline range set forth in the PSR, and to review the addendum to the PSR with him. Docket 1 at 17-18. Magistrate Judge Duffy recommended dismissing these claims without an evidentiary hearing for several reasons. Docket 45 at 22-27. By not objecting and not speaking at his sentencing hearing, Blaine tacitly admitted that he reviewed the PSR with trial counsel. *Id.* at 22 (citing Cr. Docket 47 at 16, 24). Counsel did object to the lack of acceptance of responsibility credit. *Id.* at 24 (citing Cr. Docket 28). In his § 2255 petition, Blaine did not allege with enough specificity which enhancements should have been objected to and why. *See* Docket 1 at 17. Last, the addendum merely indicated the addition of new information without impacting the advisory guideline range calculation, so any failure to object to the information was not prejudicial. Docket 45 at 25 (citing Cr. Docket 38).

Blaine raises five objections to Magistrate Judge Duffy's report and recommendation. Docket 53 at 10, 12-14. First, he reiterates his claim that counsel never reviewed the PSR or addendum with him. *Id.* at 12. Second, he was acting on his trial counsel's advice when he did not speak and object at the sentencing hearing. *Id.* at 10. Third, he was unaware of the advisory guideline range and would have withdrawn his plea of guilty had he known he was facing a range of 92-115 months. *Id.* Fourth, he argues that the four-level

13

enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for use or possession of firearms in connection with another felony offense should not apply. *Id.* at 13. Fifth, he argues that trial counsel should have argued against certain criminal history points in the PSR. *Id.* at 13-14. The court reviews each objection.

Blaine first reiterates his allegation that trial counsel never reviewed the PSR or addendum with him. *Id.* at 12. Counsel states that he and Blaine did review the PSR. Docket 20 ¶ 11. Because Blaine had an opportunity to contradict this representation at the sentencing hearing and did not do so, the court does not find this allegation credible.

Blaine next alleges that his trial counsel advised him not to speak at his sentencing hearing and that this explains his failure to object to counsel's claim that they reviewed the PSR together. Docket 53 at 10. In his affidavit, counsel stated that he did not want Blaine to speak at the hearing because he believed there was nothing Blaine could say that would not "make him look even worse" after he had absconded and was arrested while in possession of a firearm, drugs, and drug paraphernalia. Docket 20 ¶¶ 13-14. Counsel also feared that Blaine could incriminate himself on pending state charges. *Id.* ¶ 14. These concerns constitute sound legal strategy and are not deficient. *Link*, 469 F.3d at 1204. Also, Blaine was given the opportunity to speak at the sentencing hearing if he believed anything counsel said was untrue. Thus, the court overrules this objection.

Blaine then alleges that he would have withdrawn his plea of guilty and sought to suppress evidence had he known the sentencing range he was facing.

14

Docket 53 at 10. As discussed above, Blaine must show that, but for the advice of his counsel to plead guilty, he would have gone to trial. He does not do so here, so he fails to show prejudice.

Fourth, Blaine alleges that his trial counsel was ineffective in failing to object to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for use or possession of firearms in connection with another felony offense. Docket 53 at 13. He argues that the firearms were not used or possessed in connection with the drug offense because he had no intention of using them to "facilitate" drug activities. *Id.* Blaine argues that application note 14(E) of U.S.S.G. § 2K2.1 requires the court to consider the relationship between the instant offense and the other offense. Docket 46 at 3. The applicable note for firearms use or possession in conjunction with drug trafficking activities is not 14(E) but 14(B), which holds that the (b)(6)(B) enhancement applies when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia" if the other offense is drug trafficking. U.S.S.G. § 2K2.1 cmt. n.14(B). Thus, Blaine's argument that the firearms were not used to facilitate drug activity is not applicable.

Blaine also argues that this enhancement should not have applied because the quantity of drugs merely indicated drug use, not drug trafficking. Docket 46 at 4. Because Blaine has not been convicted of the other offense in question, the standard for this determination is a preponderance of the evidence. *United States v. Littrell*, 557 F.3d 616, 617 (8th Cir. 2009). In Blaine's hotel room, law enforcement found four bags containing 7.3 g, 8.5 g, 0.3 g, and

15

0.4 g of methamphetamine, three bags containing 1.2 g, 1.3 g, and 1.2 g of marijuana, numerous jeweler's bags, and an operational digital scale that field tested positive for methamphetamine. Docket 44-4 at 2. Scales and baggies are consistent with drug trafficking. *See United States v. Buchanan*, 604 F.3d 517, 520 (8th Cir. 2010). Also, Blaine admitted in a conversation with a visitor that was recorded while he was in custody that April Jumping Elk, who was in his hotel room at the time of the arrest, had just purchased drugs from him when law enforcement arrived. Cr. Docket 37 ¶ 15. The evidence of drug trafficking meets the preponderance standard, and the four-level enhancement under § 2K2.1(b)(6)(B) is appropriate.

Last, Blaine alleges that his trial counsel was ineffective for failing to object to a mistaken criminal history point total on the PSR. Docket 53 at 13-14. He alleges that misdemeanor charges that were dismissed or had suspended terms were counted. *Id.* Blaine fails to indicate which specific charges were mistakenly counted. In reviewing the PSR, there are two charges in New Mexico and three charges in South Dakota that impose criminal history points without a clear sentence of imprisonment. Cr. Docket 37 ¶¶ 45-46, 51, 58, 60. None of these charges were dismissed. *Id.* Some contain suspended sentences, and some are pending. *Id.* Each of these charges contribute one point to Blaine's criminal history points total under U.S.S.G. § 4A1.1(c). *Id.* Even if all five charges are reduced to zero points, Blaine would remain at the same criminal history points total, because he has ten points under § 4A1.1(c), which can only impose a maximum of four points. Thus, there was no

prejudice to counsel's failure to challenge the criminal history point total of the PSR, regardless of the merits of that challenge.

### E. Additional Objection

Blaine also argues that because his trial and appellate counsel worked for and were appointed by the government, they were inherently biased and could not provide effective assistance. Docket 53 at 9, 12. Regardless of Blaine's allegations of counsel's intentions, the standard for ineffective assistance of counsel remains the two-prong test of *Strickland*. 466 U.S. at 687. Because Blaine has failed to show deficient performance and prejudice, he fails to succeed on this argument, and this objection is overruled.

## III. Evidentiary Hearing

A court must order an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see also Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("Evidentiary hearings . . . are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."). But a petition may be denied without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Here, an evidentiary hearing is not required because Blaine's allegations, even if true, would not entitle him to relief. Blaine's arguments fail as a matter

17

of law. He cannot overcome the procedural default of his Fourth Amendment claims because his guilty plea prevents any showing of prejudice. Blaine's ineffective counsel claims fail to show deficient performance and prejudice. Thus, Blaine's request for an evidentiary hearing is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Blaine has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Thus, it is ORDERED

1. Blaine's objections to the report and recommendation (Docket 53) are overruled.
2. The report and recommendation (Docket 45) is adopted in full as supplemented herein.
3. Respondent's motion to dismiss (Docket 40) is granted.
4. Blaine's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed without an evidentiary hearing.
5. Blaine's motion to stay (Docket 51) is denied.
6. A certificate of appealability is denied.

Dated July 30, 2019.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE